**In re MARKS' WILL.**

Circuit Court, Palm Beach County, Civil Appeal.

December 15, 1954.

E. Albert Pallott and Redfearn & Ferrell, all of Miami, for appellant.

Phil D. O'Connell, West Palm Beach, for appellee.

## C. E. CHILLINGWORTH, Circuit Judge.

This cause was duly presented by counsel for the parties on an appeal from an order of the county judge entered July 20, 1954.

The sole question is one of law. Is a provision in a will directing the employment of a specific attorney binding upon one who seeks and accepts an appointment as an administratrix with the will annexed?

The facts are stated by the county judge in his order. It seems clear that the testator intended that his daughter, the present administratrix with the will annexed, not administer his estate, for he directed that it be done by others, as his wife also directed. It is equally clear that he and she intended that a certain person act as attorney for the estate.

Today, with extremely complex taxation problems and other legal problems relating to an estate, it is just as important, if not more so, that the fiduciary and confidential relationship which prompts selection of an executor, be respected, to the same extent, in the selection of an attorney. Here, no cause and no reason exists why the desire, direction and intention of the testator should not be fully respected. If this administratrix desired—without cause—to ignore that portion of the will, she should not have accepted the appointment to carry out the remainder of the will.

As I view the law, no attorney has a right to be employed. But, the testator should have the right to have his legal wishes respected and his intentions carried out, unless there is some reason why that cannot be done.

However, my views are apparently in conflict with the majority view in the United States. For that reason, this court should affirm the order of the county judge.

Affirmed.